1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jovany Aranda Pegueros,<br><br>            Plaintiff,<br><br>v.<br><br>M. Pollard, Warden, RJDCF; Xavier Becerra, Attorney General of the State of California, Additional Respondent,<br><br>            Defendants. | No. CV-19-02258<br><br>**ORDER** |

Before the Court is Defendant M. Pollard's ("Pollard") Motion to Dismiss Plaintiff Jovany Aranda Pegueros's ("Pegueros") Petition for Writ of Habeas Corpus. (Doc. 6.) The Court granted Pegueros two extensions of time to file a response, making the deadline to respond September 3, 2020. (Docs. 9, 12.) Pegueros has not filed a response or requested another extension of time. Therefore, the motion is now before the Court.[1]

## I.     BACKGROUND

In March 2001, Pegueros was arrested for fleeing from and shooting at two police officers. (Doc. 7-1 at 18-19.) On March 23, the district attorney filed an amended complaint charging Pegueros with two counts of attempted murder of a peace officer and two counts

---

[1] Because Magistrate Judge Michael Berg was defense counsel for Pegueros, all District Judges and Magistrate Judges in the Southern District of California were recused from this matter. (Doc. 13.) Pursuant to 28 U.S.C. § 292(b), the case was subsequently assigned to the Honorable Stephen M. McNamee, United States Senior District Judge for the District of Arizona, by Chief Judge of the Ninth Circuit Court of Appeals Sidney R. Thomas, to perform the duties of United States District Judge temporarily for the Southern District of California. (Doc. 15.)

of assault with a firearm on a peace officer. (<u>Id.</u> at 9-11.) Each count carried (1) a gun use allegation pursuant to Penal Code 12022.53; and (2) a prior prison term enhancement and a serious or violent felony prior. (<u>Id.</u> at 11-12.)

On May 16, 2001, Pegueros pleaded guilty to one count of assault with a firearm upon a police officer, admitted the attendant firearm-discharge enhancement, and admitted that he had sustained a prior serious felony conviction and a prior strike conviction. (<u>Id.</u> at 13-15.) In doing so, Pegueros waived his right to appeal issues related to strike priors and any sentence stipulated within the plea. (<u>Id.</u> at 14.) In exchange, the district attorney agreed to a 37-year sentence and dismissal of the remainder of the complaint. (<u>Id.</u> at 13-14.) On June 21, 2001, the Superior Court of California sentenced Pegueros to 37 years in state prison. (<u>Id.</u> at 29.)

Thereafter, Pegueros filed two notices of appeal and requests for certificates of probable cause. (<u>Id.</u> at 30-39.) The Superior Court denied the requests for certificates of probable cause on August 10, 2001. (<u>Id.</u> at 40.)

On March 14, 2002, Pegueros's appellate counsel filed a brief in accordance with <u>People v. Wende</u>, 25 Cal.3d 436 (1979), and <u>Anders v. California</u>, 386 U.S. 738 (1967), raising no arguments on Pegueros's behalf. (Doc. 7-5.) The California Court of Appeal granted Pegueros permission to file a brief on his own behalf and granted his request for a 30-day extension of time to do so. (Doc. 7-6 at 2.) Pegueros did not file a brief. (<u>Id.</u>) On June 11, 2002, the Court of Appeal affirmed the judgment. (Doc. 7-6 at 3.)

Then, over 16 years later, on December 13, 2018, Pegueros constructively filed his first petition for writ of habeas corpus in the Superior Court of California. (Doc. 7-7.) In his petition, Pegueros alleged that (1) his trial counsel failed to provide effective assistance; (2) an actual conflict of interest existed with his trial counsel; (3) he was coerced into accepting the plea bargain; (4) he did not waive sentencing by the trial judge and refused to sign an <u>Arbuckle</u>[2] waiver on the plea form; (5) the district attorney unlawfully threatened to charge his mother with a crime if he did not take the plea bargain; (6) he was forced to

---

[2] <u>See</u> <u>People v. Arbuckle</u>, 587 P.2d 220 (Cal. 1978).

plead guilty while the district attorney possessed no evidence of specific intent; (7) he attempted to withdraw his plea, however, the trial counsel, district attorney, and trial judge did not allow him to; (8) he was denied effective assistance of appellate counsel; and (9) the district attorney in the underlying matter provided false information to the trial court. (Id. at 1-11.) The Superior Court denied Pegueros's petition as untimely and meritless on January 18, 2019. (Doc. 7-8.)

On March 5, 2019, Pegueros constructively filed a petition for writ of habeas corpus in the California Court of Appeal. (Doc. 7-9.) In his petition, Pegueros alleged the same nine claims he alleged in his first petition, as well as two additional claims alleging that the Superior Court erred in denying his petition for writ of habeas corpus and in finding that his petition was untimely due to his ineffective assistance of counsel. (Id. at 3-13.) The Court of Appeal denied Pegueros's petition on March 20, 2019. (Doc. 7-11.)

Thereafter, on May 28, 2019, Pegueros constructively filed a petition for writ of habeas corpus in the California Supreme Court, listing the same 11 grounds he argued in the appellate court, as well as an additional twelfth ground stating that the California Court of Appeal erred in denying his petition for writ of habeas corpus. (Doc. 7-12.) The California Supreme Court denied Pegueros's petition as untimely on September 22, 2019. (Doc. 7-13.)

Finally, on November 25, 2019, Pegueros constructively filed the instant petition for writ of habeas corpus in federal court, alleging the same 12 claims previously alleged in his last petition, as well as two additional claims. (Doc 1.) In his two additional claims, Pegueros states that the California Supreme Court erred in denying his petition for writ of habeas corpus and that this Court has the discretion to hold an evidentiary hearing to resolve issues of fact in this matter. (Id. at 107, 115.)

Pollard now moves to dismiss Pegueros's Petition for Writ of Habeas Corpus with prejudice, arguing the petition is untimely and Pegueros procedurally defaulted his claims. (Doc. 6-1.)

## II.    ANALYSIS

1    Pollard argues Pegueros's petition is barred because it was filed outside of the one-

2    year statute of limitations. (Doc. 6-1 at 9-13.) Under 28 U.S.C. § 2244(d), a petitioner for

3    a writ of habeas corpus who is in state custody has one year from the date his conviction is

4    final to file his petition in federal court. A later date may apply if state action impeded the

5    filing, a new constitutional right was recognized by the Supreme Court, or the factual

6    predicate for the claim could not have been discovered at the time of finality. 28 U.S.C.

7    § 2244(d)(1)(B)-(D). Additionally, the statute of limitations tolls while "a properly filed

8    application for State post-conviction or other collateral review . . . is pending." 28 U.S.C.

9    § 2244(d)(2).

10    Here, Pegueros's judgment became final on July 21, 2002, forty days after the

11    California Court of Appeal filed its opinion affirming the judgment. See Cal. R. Ct.

12    8.366(b)(1); 8.500(e)(1); Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008). Pegueros does

13    not allege state action impeding his filing; his claims are not based on a new rule of

14    constitutional law; nor does his claim rely on a factual predicate that was not discoverable

15    at the time of his judgment. See 28 U.S.C. § 2244 (d)(1)(B)-(D). Therefore, the date of

16    finality cannot be altered.

17    The limitations period also cannot be statutorily tolled. Pegueros did not seek state

18    post-conviction review until 16 years after his judgment became final and 15 years after

19    the statute of limitations had run. (See Doc. 7-7.) A limitations period that has already

20    ended before a state petition is filed cannot be renewed or tolled under § 2244(d)(2).

21    Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Therefore, Pegueros's petition

22    is untimely unless he can show other grounds to avoid the limitations period.

23    Pegueros contends he is entitled to equitable tolling because he was abandoned by

24    trial, appellate, and post-conviction counsel and because he is pro se and uneducated (Doc.

25    1 at 97-99.) The limitations period under § 2244(d) is subject to the doctrine of equitable

26    tolling. Holland v. Florida, 560 U.S. 631, 634 (2010). A petitioner seeking equitable tolling

27    bears the burden of showing "'(1) that he has been pursuing his rights diligently, and (2)

28    that some extraordinary circumstance stood in his way' and prevented timely filing."

1    Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). To

2    satisfy the first element, a petitioner "must show that he has been reasonably diligent in

3    pursuing his rights not only while an impediment to filing caused by an extraordinary

4    circumstance existed, but before and after as well, up to the time of filing his claim in

5    federal court." Smith v. Davis, 953 F.3d 582, 598-99 (9th Cir. 2020) (en banc).

6           Pequeros does not meet his burden of proof. Assuming, without finding, that

7    Pequeros was abandoned by counsel and that the abandonment constitutes extraordinary

8    circumstances, Pegueros has failed to show that he acted with reasonable diligence when

9    that impediment did not exist. See Smith, 953 F.3d at 598-99. Pegueros's judgment was

10    final on July 21, 2002. He provides no evidence that any impediment caused by

11    abandonment of his trial and appellate counsel extended beyond that point. Pegueros then

12    provides documentation to show that he and his mother sought to obtain post-conviction

13    counsel in 2016. (Doc. 7-7 at 151-72.) Pegueros alleges he was abandoned by this counsel

14    as well. (Doc. 1 at 97.) However, Pegueros provides no evidence of diligence for the 14

15    years between the finality of his judgment and his attempt to obtain post-conviction

16    counsel. Therefore, Pegueros has not shown that he acted diligently in pursuing his rights.

17           Similarly, Pegueros's pro se status, illiteracy, and ignorance of the law do not excuse

18    his 15-year delay in filing his petition. The law is clear that a petitioner's lack of knowledge

19    or ability does not constitute extraordinary circumstances. See Ford v. Pliler, 590 F.3d 782,

20    789 (9th Cir. 2009); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see also

21    Baker v. Cal. Dep't of Corr., 484 F. App'x 130, 131 (9th Cir. 2012); Brown v. Miller, No.

22    EDCV 14-1864 RNB, 2015 WL 269057, at *4 (C.D. Cal. Jan. 21, 2015) (collecting cases).

23    Therefore, equitable tolling is not available to Pegueros.

24           Lastly, Pegueros claims he is entitled to the "actual-innocence" exception to the

25    statute of limitations. (Doc. 1 at 99-100.) In rare and extraordinary cases, a convincing

26    showing of actual innocence may serve to overcome the statute of limitations under

27    § 2244(d). McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). A showing of actual

28    innocence requires "new reliable evidence—whether it be exculpatory scientific evidence,

trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995). Additionally, the petitioner must persuade the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." <u>Perkins</u>, 569 U.S. at 386 (quoting <u>Schlup</u>, 513 U.S. at 329). "[T]he timing of the petition is a factor bearing on the reliability of the evidence purporting to show actual innocence." <u>Id.</u> at 386-87 (internal quotations and alterations omitted) (quoting <u>Schlup</u>, 513 U.S. at 332).

Here, Pegueros pleaded guilty. He admitted in his plea form that he "committed an assault with a firearm on a police officer and intentionally personally discharged the firearm in the commission of the offense." (Doc. 7-1 at 15.)  Then, again, at his plea colloquy, when asked if he "intentionally and personally" discharged the firearm, Pegueros stated he had. (Doc. 7-3 at 5.) Now, Pegueros states that he is innocent because he dropped his gun and it discharged when it was out of his hands. (Doc. 1 at 124.) His only evidence of this is a personal declaration directly contradicting his statements made at the time of his plea. (<u>Id.</u>) This self-serving declaration, filed 17 years after Pegueros pleaded guilty, is insufficient to show that no juror would have found Pegueros guilty beyond a reasonable doubt.[3] <u>See</u> <u>Brookins v. Pfeiffer</u>, No. CV 18-4038-FMO (JPR), 2019 WL 926353, at *11 (C.D. Cal. Jan. 17, 2019) (petitioner's self-serving statements are not enough to meet actual innocence standard where petitioner pleaded guilty), <u>report and recommendation adopted</u>, No. CV 18-4038-FMO (JPR), 2019 WL 1014782 (C.D. Cal. Mar. 1, 2019); <u>see also</u> <u>Ponce v. Eldridge</u>, No. 519CV00751DMGMAA, 2019 WL 8501633, at *6 (C.D. Cal. Aug. 19, 2019) (petitioner's own statement insufficient to show trial proceeding convicted innocent person) (collecting cases), <u>report and recommendation adopted</u>, No. EDCV1900751DMGMAA, 2020 WL 1904599 (C.D. Cal. Apr. 16, 2020). Therefore, Pegueros cannot escape the limitations period with a claim of actual innocence. Because Pegueros offers no other grounds for tolling or avoiding the statute of limitations, the Court

---

[3] The Court notes that the <u>Schlup</u> actual-innocence standard "does not readily lend itself to" petitioners who pleaded guilty. <u>Brown v. Miller</u>, No. EDCV 14-1864 RNB, 2015 WL 269057, at *7 (C.D. Cal. Jan. 21, 2015). However, Pegueros's evidence is so far from satisfying the <u>Schlup</u> standard, the Court does not attempt to resolve the incongruity here.

finds that Pegueros's petition is untimely.

Because the Court finds Pegueros's petition is time barred, it does not address Pollard's procedural-default arguments.

**III.    CONCLUSION**

Based on the above, the Court finds that Pegueros's petition for writ of habeas corpus is untimely and shall be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED granting** Defendant's Motion to Dismiss Plaintiff Petition for Writ of Habeas Corpus. (Doc. 6.)

**IT IS FURTHER ORDED dismissing with prejudice** this matter and **directing** the Clerk to the Court to enter judgment accordingly.

Dated this 3rd day of May, 2021.

Honorable Stephen M. McNamee
Senior United States District Judge